UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

CYNTHIA ORAVECZ, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

vs.

PERFORMANT RECOVERY, INC.,

    Defendant.

Case No.: 14-cv-1573

**CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

# INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and the Wisconsin Consumer Act, Wis. Stat. Ch. 421-427.

# JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337 and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

# PARTIES

3. Plaintiff Cynthia Oravecz is an individual who resides in the Eastern District of Wisconsin (Milwaukee County). Her former name was Cynthia Wiseman.

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family or household purposes.

5. Defendant Performant Recovery, Inc., ("Performant") is a corporation with its principal place of business located at 333 N. Canyons Parkway, Suite 100, Livermore, CA 94551.

6. Performant is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Performant is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Performant is a debt collector as defined in 15 U.S.C. § 1692a and § 427.103(3), Wis. Stats.

## FACTS

8. On or about May 19, 2014, Performant mailed a debt collection letter to Plaintiff regarding an alleged debt placed with Performant. Upon information and belief, this was the first letter Plaintiff was sent by Performant. A copy of this letter is attached to this complaint as Exhibit A.

9. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

10. The alleged debt in Exhibit A is an alleged federal student loan with the U.S. Department of Education.

11. Exhibit A attempts to collect "FEES AND COSTS" of $1,916.88, which amounts to approximately 24.3 percent of the principal and interest.

12. There is no explanation in Exhibit A as to what the "FEES AND COSTS" are.

13. The unsophisticated consumer would be confused by the nebulous reference on Performant's letters to "FEES AND COSTS," and would have no idea what those charges are or whether they are legitimate. In contrast, the letter breaks out principal, interest and "penalty charges" as separate components of the debt.

2

14. Performant's misrepresentation of the character and amount of the alleged debt is a material misrepresentation. Upon information and belief, the amounts listed as "FEES AND COSTS" are, in fact, a collection fee added by Performant.

15. Upon information and belief, Performant has instituted a common practice of listing the collection fee as generically, "FEES AND COSTS," in an attempt to avoid the federal and state limitations on collection fees.

16. Federal law limits collection fees on direct student loans such as the loan identified in Exhibit A to 20 percent of the borrower's monthly payment. 20 U.S.C. § 1087dd(c)(1)(H); 34 C.F.R. § 674.43(b)(4).

17. Moreover, debt collectors are not permitted to choose a collection fee amount at random or, realistically, as close to the maximum as possible. The amount of the collection fee must be reasonably related to *actual* costs of collection:

> (3) The institution shall determine the amount of the late charge imposed for loans described in paragraph (b)(2) of this section based on either—
>
> > (i) Actual costs incurred for actions required under this section to secure the required payment or information from the borrower; or
> >
> > (ii) The average cost incurred for similar attempts to secure payments or information from other borrowers.

34 C.F.R. § 674.43(b)(3).

18. Wisconsin law also specifically prohibits the attachment of collection fees to consumer credit transactions, even if the fee is separately negotiated. Wis. Stat. § 422.413(1) provides:

> no term of a writing evidencing a consumer credit transaction may provide for any charges as a result of default by the customer other than reasonable expenses incurred in the disposition of collateral and such other charges as are specifically authorized by chs. 421 to 427.

3

19. In addition, Wis. Stat. § 422.202, entitled "Additional charges," does not list collection fees as a permissible fee a creditor may charge in connection with a consumer credit transaction.

20. The Western District of Wisconsin has held specifically that the WCA prohibits collection fees on student loans. *Patzka v. Viterbo College*, 917 F. Supp. 654, 659 (W.D. Wis. 1996).

21. Moreover, even if the WCA does not apply, upon information and belief, Defendant's 24.3% fee is neither a measure of Defendant's incidental or consequential damages, nor a measure of Defendant's costs of collection. 34 C.F.R. § 674.43(b)(3); *see also Seeger v. AFNI, Inc.*, 548 F.3d 1107, 1112-13 (7th Cir. 2008). A flat percentage fee necessarily varies with each account.

22. Defendant's almost 25% percent charge is an unenforceable penalty that is void under Wisconsin Law and public policy. Wis. Stat. § 402.718(1) ("Damages for breach by either party may be liquidated in the agreement but only at an amount which is reasonable in the light of the anticipated or actual harm caused by the breach, the difficulties of proof of loss, and the inconvenience or nonfeasibility of otherwise obtaining an adequate remedy. A term fixing unreasonably large liquidated damages is void as a penalty."); *Wassenaar v. Panos*, 111 Wis. 2d 518, 527, n.9, 331 N.W.2d 357 (1983).

23. Upon information and belief, Defendant's 24.3% fee far exceeds both the actual costs Performant incurs for collection from Plaintiff and the average cost Performant incurs for similar attempts to secure payments or information from other borrowers.

## COUNT I – FDCPA

24. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

25. Performant's attempt to collect unspecified "FEES AND COSTS" is a false and misleading representation in connection with the collection of the Plaintiff's alleged debt.

26. Performant's attempt to collect unspecified "FEES AND COSTS" also misrepresents the character, amount, or legal status of the Plaintiff's alleged debt.

27. Performant is attempting to collect hidden collection fees by misrepresenting them as "FEES AND COSTS".

28. Performant's conduct violates 15 U.S.C. §§ 1692e and 1692e(2)(a).

## COUNT II -- FDCPA

29. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

30. The "FEES AND COSTS" that Performant added to the alleged debts identified in Exhibit A greatly exceed both the actual costs Performant incurs for collection from Plaintiff and the average cost Performant incurs for similar attempts to secure payments or information from other borrowers.

31. Performant exceeded the limits for collection fees on student loan accounts specified in 20 U.S.C. § 1087dd(c)(1)(H); 34 C.F.R. § 674.43(b)(4).

32. Performant failed to state the true amount of the debt owed, in violation of 15 U.S.C. § 1692g(a)(1).

33. Performant used false representations and/or deceptive means to collect or attempt to collect Plaintiff's alleged debt, in violation of 15 U.S.C. § 1692e(10).

5

## COUNT III – Wisconsin Consumer Act

34. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

35. Student loans are consumer credit transactions. The consumer credit transaction at issue in *Patzka* was also a student loan.

36. Collection fees on consumer credit transactions are prohibited by the Wisconsin Consumer Act, §§ 422.202, 422.413, Wis. Stats.; *Patzka*, 917 F. Supp. at 659.

37. The 24.3 percent of the balance fee is not a measure of anyone's incidental or consequential damages or a measure of Performant's costs of collection.

38. Performant's attempt to collect prohibited collection fees violates the Wisconsin Consumer Act, Wis. Stat. § 427.104(1)(j).

## CLASS ALLEGATIONS

39. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter by Performant claiming an amount other than zero owed for "FEES AND COSTS," (c) for an alleged debt incurred for personal, family or household purposes, (d) on or after December 18, 2013, (e) that was not returned by the postal service.

40. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

41. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA and/or the WCA.

6

42. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

43. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

44. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

45. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: December 18, 2014

**ADEMI & O'REILLY, LLP**

By: /s/ Mark A. Eldridge
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com